IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARK A. WEBER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 17-4230 |
| | : | |
| PROTHONOTARY and DEPUTY | : | |
| PROTHONOTARY | : | |
| Defendants. | : | |

# **M E M O R A N D U M**

**STENGEL, C.J.**                                                                                                   March 29, 2018

This case involves a claim by the plaintiff that the defendants, Berks County Prothonotary and Deputy Prothonotary violated plaintiff's civil rights when they rejected his complaint that plaintiff mailed to the court. Plaintiff, a pro se litigant, alleges one claim: that the defendants denied plaintiff access to the courts in violation of 42 U.S.C. § 1983. Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Doc. No. 2.)

## I.     Background

On or about July 25, 2017, plaintiff attempted to file a complaint against Berks County Commissioners by filing an in forma pauperis motion, a 205.5 Civil Cover Sheet, and a praecipe for writ of summons. (Doc. No. 1, Ex. A.) Also on July 25, 2017, defendants placed plaintiff's filings in an envelope with a letter form dated July 27, 2017 rejecting plaintiff's complaint, and post-marked the envelope for July 25, 2017. (Id.) Based on the foregoing, plaintiff alleges that defendants "unlawfully barred plaintiff's

1

access to the Courts, violating plaintiff's secured rights." (Id.)

## II. Procedural History

On or about August 11, 2017, plaintiff filed an initial complaint in the Berks County Court of Common Pleas by filing a motion to proceed in forma pauperis and a complaint. On September 21, 2017, defendants removed this matter to the United States District Court, Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1441, 1446. Removal was based on plaintiff's sole claim alleging a violation of 42 U.S.C. § 1983. This Court has original jurisdiction over the action under 28 U.S.C. § 1331.

On September 29, 2017, defendants moved to dismiss plaintiff's complaint for failure to state a claim. (Doc. No. 2.) Plaintiff moved for an extension of time to move to amend the complaint. (Doc. 4.) On October 24, 2017, I granted plaintiff's request, extending plaintiff's time to file a motion to amend the complaint until January 16, 2018. (Doc. No. 5.) To date, plaintiff has not filed a motion to amend the complaint or otherwise responded to defendants' motion to dismiss.

## III. Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). To sustain this challenge, the factual allegations in the complaint must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Conclusory allegations are insufficient to support a facially plausible claim; the facts asserted must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. Twombly, 550 U.S. at 555; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984). The court asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Twombly, 550 U.S. at 563 n. 8 (2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

When presented with a motion to dismiss for failure to state a claim, district courts conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The court must accept all of the complaint's well-pleaded facts as true but may disregard legal conclusions. Iqbal, 556 U.S. at 679. Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. In other words, a complaint must do more than allege entitlement to relief. A complaint has to "show" such an entitlement with its facts. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679; see also Phillips, 515 F.3d at 232-34 (holding that: (1) factual allegations of a complaint must provide notice to the defendant; (2) the complaint must allege facts indicative of the proscribed conduct; and (3) the complaint's "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting Twombly, 550 U.S. at 555) (alterations in original).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading need not contain detailed factual allegations, but must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Twombly, 550 U.S. at 545. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557.

**IV.     Discussion**

Plaintiff fails to set forth sufficient facts to state a claim for relief under 42 U.S.C. § 1983.

The First and Fourteenth Amendments protect a prisoner's right to access to the courts. [1] Monroe v. Beard, 536 F.3d 195, 205 (3d Cir. 2008); citing Lewis v. Casey, 518 U.S. 343 (1996)). To establish a claim alleging denial of access to courts, a complainant must demonstrate,

> (1) that they suffered an "actual injury" –that they lost a chance to pursue a "nonfrivolous or "arguable" underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit.

Id. In addition, "[t]he complaint must describe the underlying claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" Id. at 205-06 (citing Christopher v. Harbury, 536 U.S. 403, 416-17 (2002)).

---

[1] Plaintiff does not identify which civil rights the defendants violated. Construing the complaint liberally, defendants assume that plaintiff is proceeding under the First and Fourteenth Amendments of the United States Constitution. (Doc. No. 2 (citing Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008)) (citing Lewis v. Casey, 518 U.S. 343, 346 (1996)) (First and Fourteenth Amendments provide prisoners with a right of access to the courts.)). I will construe plaintiff's complaint as alleging a violation under the First and Fourteenth Amendments.

Here, plaintiff's complaint does not set forth sufficient facts to state a claim for relief alleging a violation of § 1983. Plaintiff does not allege that he suffered any actual injury other than a blanket assertion that he was denied access to the courts, which is insufficient to survive a motion to dismiss. Monroe, 536 F.3d at 206 ("Even liberally construing their complaints as we must do for pro se litigants, they do not sufficiently allege that they have suffered an actual injury."). Plaintiff also fails to demonstrate that he has no other recourse. What is more, plaintiff's complaint is devoid of any description of the underling claim other than that it is "an action against the County Commissioners of Berks County." (Doc. No. 1, Ex. A.)

I find that plaintiff's complaint fails to state a claim under Rule 12(b)(6), and defendants' motion to dismiss is granted.[2]

## V. Conclusion

Plaintiff's complaint fails to state a claim upon which relief may be granted under Rule 12(b)(6). Rule 15 of the Federal Rules of Civil Procedure mandates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the defendants' motion to dismiss the complaint is granted, and the complaint is dismissed without prejudice.

---

2 Plaintiff also fails to identify any unconstitutional acts on the part of the defendants. Evancho v. Fisher. 423 F.3d 347, 353 (3d Cir. 2005). Plaintiff alleges only that "the Prothonotary and Deputy Prothonotary placed plaintiff's filings in an envelope; with a form letter dated ahead for July 27, 2017, but postmarked envelope for July 25, 2017; rejecting plaintiff's submissions." (Doc. No. 1, Ex. A.) Plaintiff fails to plead facts sufficient to demonstrate that defendants rejected plaintiff's filing for an improper reason in violation of his civil rights.

Plaintiff is given leave to file an amended complaint within twenty days of the filing of this memorandum and order.

An appropriate Order follows.